**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AMERICA'S EDUCATION GUIDE, INC.,

     Plaintiff,

v.

DOMINION ENTERPRISES and
LANDMARK MEDIA ENTERPRISES, LLC,

    Defendants.

Case No. _____

JURY TRIAL DEMANDED

**COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL**

     COMES NOW Plaintiff, AMERICA'S EDUCATION GUIDE, INC. ("AEG"), by and through its undersigned counsel, and for its Complaint against Defendants, DOMINION ENTERPRISES and LANDMARK MEDIA ENTERPRISES, LLC, states and alleges as follows:

**NATURE OF THE ACTION**

     1.     This is a civil action at law and in equity for breach of contract, copyright infringement, and trademark infringement, arising under the U.S. Copyright Act, the Lanham Act, and common law, arising out of Defendants' unauthorized copying and use of Plaintiff AEG's original copyrighted material, Plaintiff AEG's EDUCATION GUIDE trademark, and Plaintiff AEG's distinctive trade dress in a publication called the L.A. Parent *Education Guide* for 2011-12, published on or about September 2011.

## THE PARTIES

2.      Plaintiff, AMERICA'S EDUCATION GUIDE, INC. ("AEG") is a corporation organized and existing under the laws of the State of Florida, is doing business in this District, and has a place of business in this District located at 3390 Isabella Boulevard in Jacksonville Beach, Florida 32250.  Plaintiff AEG entered into the contract which is at issue in this action.  Plaintiff AEG is the owner of a copyright registration which is at issue in this action.  Plaintiff AEG also owns certain trademark rights which are also at issue in this action.

3.      Upon information and belief, Defendant, DOMINION ENTERPRISES, is a general partnership organized and existing under the laws of the Commonwealth of Virginia, has its principle place of business at 150 Granby Street, Norfolk, Virginia 23510-1604, and is wholly owned by Defendant, LANDMARK MEDIA ENTERPRISES, LLC.

4.      Upon information and belief, Dominion Media is a division of Defendant, DOMINION ENTERPRISES.

5.      Upon information and belief, Dominion Parenting Media is a division of Defendant, DOMINION ENTERPRISES.

6.      Upon information and belief, Defendant, LANDMARK MEDIA ENTERPRISES, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, has its principle place of business at 150 Granby Street, Norfolk, Virginia 23510-1604, and may be served through its registered agent for

service of process:  Mr. Guy R. Friddell, III, Executive Vice-President and General Counsel, 150 Granby Street, 19th Floor, Norfolk, Virginia 23510-1604.

7. Upon information and belief, Defendants produce and distribute a number of specialty magazines, including *L.A. Parent*.

8. Upon information and belief, Defendant, DOMINION ENTERPRISES, owns an interactive website located at the <FlashEdition.com> domain name, by and through which Defendants disseminate a number of its publications, including *L.A. Parent*, to interested persons worldwide.

9. Upon information and belief, Defendants are acting both independently and jointly, together with their subsidiaries and divisions, to misappropriate Plaintiff's copyrighted material, to trade upon Plaintiff's trademark and trade dress rights, to operate an infringing web site, and to otherwise conduct its business and infringing activities in this District.

## JURSIDICTION AND VENUE

10. This action for copyright infringement arises under the U.S. Copyright Act, codified as amended at 17 U.S.C. § 101 *et seq.*

11. This action for trademark infringement arises under the Lanham Act, codified as amended at 15 U.S.C. §§ 1051-1127.

12. This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a), and under Section 39 of the Lanham Act, 15 U.S.C. § 1121.

13. This action for breach of contract arises out of a written contract dated March 29, 2010 ("the L.A. Parent Contract"), entered into between Plaintiff AEG and

Dominion Parenting Media, a division of Defendant, DOMINION ENTERPRISES.  A copy of the L.A. Parent Contract is attached hereto as Exhibit One.

14.     Upon information and belief, Defendant, DOMINION ENTERPRISES, is subject to this Court's general and specific personal jurisdiction pursuant to due process and/or the Florida Long-Arm Statute, at least because Defendant, DOMINION ENTERPRISES, has been and is doing substantial business in the State of Florida and in this judicial district, including:  (i) at least a portion of the infringing conduct alleged herein, including but not limited to operating Defendants' interactive web site <FlashEdition.com> which is targeting residents of this State and District; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons in the State of Florida and in this judicial district.

15.     This Court may also exercise personal jurisdiction over Defendant, DOMINION ENTERPRISES, because its division, Dominion Parenting Media, consented to the "jurisdiction of the appropriate courts and arbitration tribunals, when applicable, located in Duval County, Florida" in the L.A. Parent Contract, at paragraph 9 (Exhibit One).

16.     Upon information and belief, Defendant, LANDMARK MEDIA ENTERPRISES, LLC, is subject to this Court's general and specific personal jurisdiction pursuant to due process and/or the Florida Long-Arm Statute, at least because Defendant, LANDMARK MEDIA ENTERPRISES, LLC, has been and is doing substantial business in the State of Florida and in this judicial district, including:  (i) at least a portion of the

infringing conduct alleged herein, including but not limited to operating Defendants' interactive web site <FlashEdition.com> which is targeting residents of this State and District; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons in the State of Florida and in this judicial district.

17.     This Court may also exercise personal jurisdiction over Defendant, LANDMARK MEDIA ENTERPRISES, LLC, because Dominion Parenting Media consented to the "jurisdiction of the appropriate courts and arbitration tribunals, when applicable, located in Duval County, Florida" in the L.A. Parent Contract, at paragraph 9 (Exhibit One).

18.     Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b) because the Defendants do business in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred or are continuing to occur in this District, at least to the extent that Defendants are targeting its infringing and interactive web site <FlashEdition.com> to internet users within this judicial district.

19.     Venue is proper in this Court for copyright claims under 28 U.S.C. § 1400(a).

20.     Venue is proper in this Court because Dominion Parenting Media consented to the "jurisdiction of the appropriate courts and arbitration tribunals, when applicable, located in Duval County, Florida." in the L.A. Parent Contract, at paragraph 9 (Exhibit One).

## FACTUAL BACKGROUND

### The L.A. Parent Contract

21.     Plaintiff AEG and Dominion Parenting Media entered into a written

contract dated March 29, 2010 ("the L.A. Parent Contract") (Exhibit One).  Dominion

Parenting Media ("DPM") is a division of Defendant, DOMINION ENTERPRISES,

which is wholly owned by Defendant, LANDMARK MEDIA ENTERPRISES, LLC.

22.     Under the L.A. Parent Contract, at paragraph 3, the parties agreed that

Plaintiff AEG would authorize DPM to use Plaintiff AEG's original copyrighted material

for a print edition and for a private label web site "for the September 2010 and January

2011 LA Parent Education sections."

23.     Also at paragraph 3, the parties agreed that Plaintiff AEG "retains all

copyrights and authorship rights, whether derived through common law, state law or

federal law, in the format and its design."

24.     Working together pursuant to the L.A. Parent Contract, Plaintiff AEG and

DPM published the L.A. Parent *Education Guide* for 2010-11 on or about September

2010 ("the Authorized 2010 Edition").  A copy of the Authorized 2010 Edition is

attached hereto as Exhibit Three.

25.     Upon information and belief, DPM did not publish a January 2011 edition.

26.     Under the L.A. Parent Contract, at paragraph 7, entitled "Contract

Violation," the parties agreed as follows:

"If Customer [DPM] recreates, in whole or in part, a similar publication

without the express written permission of the Company [Plaintiff AEG],

Customer [DPM] shall pay Company [Plaintiff AEG] a fee of $10 per item

disseminated, whether the dissemination is to its own agents, other third

parties or members of the public."

27.     Also at paragraph 7, the parties agreed that "Company [Plaintiff AEG]

shall also retain full rights and remedies under the United States Copyright Act and any

other state or federal laws."

<u>Plaintiff AEG's Copyrighted Material</u>

28.     Plaintiff AEG devoted substantial time, money, and effort in creating and

developing an original selection and arrangement of school data that has appeared in

various AEG publications since 2009.

29.     The copyrighted selection and arrangement of school data was created

from the imagination and creativity of Mr. Michael Clements, the President of AEG.

30.     The unique and original selection and arrangement of school data has

appeared with Plaintiff AEG's authorization and/or participation in at least the following

publications:  (1) L.A. Parent Education Guide ("the Authorized 2010 Edition"),

September 2010; (2) Greater Tampa / St. Petersburg Education Guide, March 2010; (3)

South Florida Education Guide, January 2010; (4) Central Florida Education Guide,

October 2009; (5) South Hampton Roads Education Guide (Virginia), September 2009;

and (6) Northeast Florida Education Guide, September 2009.

31.     The success of these publications, both in terms of communicating the

desired school data to interested consumers and in terms of the ability of the publisher to

sell advertising within each publication, depends in large part on Plaintiff AEG's ability to use its own unique and original selection and arrangement of school data.

32.     Plaintiff AEG is the copyright owner of the original selection and arrangement of school data that appears in Authorized 2010 Edition (Exhibit Three,) and the original selection and arrangement of school data is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.*

33.     Plaintiff AEG has complied in all respects with the provisions of the Copyright Act and has registered its unique and original selection and arrangement of school data, which is the subject matter of this action.  The copyright registration certificate identifies Plaintiff AEG as the copyright owner.  A copy of the Certificate of Registration, Number TX 7-449-318 for "Education Guide, L.A. Parent, 2010-11" is attached hereto as Exhibit Two.

<u>Plaintiff AEG's Trademark Rights</u>

34.     Plaintiff AEG has designed and published an easy-to-use guide to public and private schools called *Education Guide*.  Plaintiff AEG's *Education Guide* has been published, under its trademark EDUCATION GUIDE, and distributed in various markets since as early as March 2007.

35.     Plaintiff AEG's *Education Guide* publications, under the trademark EDUCATION GUIDE, have been distributed in more than six major markets in the United States, including major metropolitan areas in Florida, Virginia, and California.

36.     Plaintiff AEG's *Education Guide* publications, under the trademark EDUCATION GUIDE, have been distributed on the internet, by and through its own web

site located at the <AmericasEducationGuide.com> domain name, and through other private-label web sites, where its *Education Guide* publications are made available to any interested consumer throughout the United States and the world.

37.     From at least as early as March 2007 and continuing to the present, Plaintiff AEG has devoted substantial time, money, and effort promoting and marketing its publications under the EDUCATION GUIDE trademark.

38.     Based on AEG's substantial, continuous, and exclusive use of its EDUCATION GUIDE mark, as well as the substantial advertising, promotion, and sales made using its EDUCATION GUIDE mark in connection with goods and services, Plaintiff AEG's EDUCATION GUIDE mark is strong and well known to the public as an exclusive source identifier of AEG's high-quality, reliable, and accurate publications. Consequently, AEG has developed valuable goodwill as well as strong common law trademark rights throughout the United States, including the north Florida area, in its well-known and distinctive EDUCATION GUIDE mark.

<u>Plaintiff AEG's Distinctive Trade Dress</u>

39.     In addition to Plaintiff AEG's EDUCATION GUIDE trademark, Plaintiff AEG has used original and distinctive trade dress elements in its *Education Guide* publications since at least 2009.

40.     Plaintiff AEG's original and distinctive trade dress elements in its *Education Guide* printed publications include:  (a) the inclusion of letters from local school officials; (b) the use of a unique set of acronyms and abbreviations; (c) the use of one background color for public schools and a different background color for private

schools; and (d) the use of angled headers in the top row of each table of school data. Plaintiff AEG's original and distinctive trade dress elements also include:  (e) providing an interactive website where participating schools pay a listing fee and enter their own data and statistics.

41.     Plaintiff AEG includes letters from local school officials in its *Education Guide* publications in order to indicate AEG as the source of information and services provided.

42.     Plaintiff AEG uses a unique set of acronyms and abbreviations for various data (for standardized tests, accreditations, and school programs, for example) in its *Education Guide* publications in order to indicate AEG as the source of information and services provided.

43.     Plaintiff AEG uses one background color for public schools and a different background color for private schools in its *Education Guide* publications in order to indicate AEG as the source of information and services provided.

44.     Plaintiff AEG uses angled headers across the top row or each table of school data in its *Education Guide* publications in order to indicate AEG as the source of information and services provided.

45.     Plaintiff AEG provides an interactive website where participating schools pay a listing fee and enter their own data and statistics for printing its *Education Guide* publications in order to indicate AEG as the source of information and services provided.

46.     Since at least as early as 2009 and continuing to the present, Plaintiff AEG has devoted substantial time, money, and effort promoting and marketing its *Education Guide* publications that include its distinctive trade dress elements.

47.     Based on AEG's substantial, continuous, and exclusive use of its distinctive trade dress elements, as well as the substantial advertising, promotion, and sales made using its distinctive trade dress in connection with goods and services, Plaintiff AEG's trade dress is strong and well known to the public as an exclusive source identifier of AEG's high-quality, reliable, and accurate publications.  Consequently, AEG has developed valuable goodwill as well as strong common law rights throughout the United States, including the north Florida area, in its well-known and distinctive trade dress.

Defendants' Wrongful Acts

48.     In late 2010, Dominion Parenting Media ("DPM") began discussions with Plaintiff AEG about working together on another issue of the L.A. Parent "Education Guide" for the 2011-12 school year.

49.     During early 2011, the parties held discussions about the upcoming issue. For example, in April 2011, Mr. Gary Hibert, Vice-President of DPM, reported to Mr. Mike Clements, President of Plaintiff AEG:

> "We spent some time on Wednesday going over the guide and Maddie and Christina are putting together some questions/concerns for this year's product. They should have that complete early next week. Once I get it and go through it I will contact you to discuss."

A copy of this communication is attached hereto as Exhibit Four.

50.     On May 23, 2011, Mr. Gary Hibert, Vice-President of DPM, told Mr.

Mike Clements, President of Plaintiff AEG:

> "After much discussion with the LA team and my corporate
> team we have decided not to renew the agreement for this
> year with American Education Guides."

A copy of this communication is attached hereto as Exhibit Five.

51.     Then, on or about September 2011, Defendants, by and through their

subsidiaries and divisions, including DPM, published the L.A. Parent *Education Guide*

for 2011-12 ("the Infringing 2011 Edition").  A copy of the Infringing 2011 Edition is

attached hereto as Exhibit Six.

52.     The Infringing 2011 Edition (Exhibit Six) is almost identical to the

Authorized 2010 Edition (Exhibit Three).

53.    The Infringing 2011 Edition (Exhibit Six) includes a confusingly similar imitation of Plaintiff AEG's EDUCATION GUIDE trademark; for example, on the cover:



Exhibit Three
Cover
(The Authorized 2010 Edition)

Exhibit Six
Cover
(The Infringing 2011 Edition)

54.    The Infringing 2011 Edition (Exhibit Six) offers information and services identical to those offered by Plaintiff AEG in its other *Education Guide* publications, in a plain attempt to trade on AEG's goodwill.

55.    The Infringing 2011 Edition (Exhibit Six) intentionally and prominently uses elements that are identical to Plaintiff AEG's distinctive trade dress in order to offer services that are directly competitive with, and identical to, those services long offered by Plaintiff AEG under its distinctive trade dress.

56.    The Infringing 2011 Edition (Exhibit Six) is obviously a copy of the Authorized 2010 Edition (Exhibit Two).

57.     Under the L.A. Parent Contract (Exhibit One) between the parties, the Infringing 2011 Edition is "a similar publication [that was disseminated] without the express written permission" of Plaintiff AEG.

58.     Defendants published and disseminated paper copies of the Infringing 2011 Edition, without Plaintiff AEG's permission, and without paying to Plaintiff the fee of $10 per item as set forth in the L.A. Parent Contract.

59.     Defendants published and disseminated electronic copies of the Infringing 2011 Edition, by and through its interactive web site <FlashEdition.com>, without Plaintiff AEG's permission, and without paying to Plaintiff the fee of $10 per item as set forth in the L.A. Parent Contract.

60.     Defendants published the Infringing 2011 Edition using Plaintiff AEG's copyrighted selection and arrangement of school data, without Plaintiff AEG's permission.

61.     Defendants published the Infringing 2011 Edition using Plaintiff AEG's EDUCATION GUIDE mark, without Plaintiff AEG's permission.

62.     Defendants published the Infringing 2011 Edition using Plaintiff AEG's distinctive trade dress elements, without Plaintiff AEG's permission.

63.     By and through the parties' work on the Authorized 2010 Edition and otherwise, Defendants had actual knowledge of Plaintiff's copyrighted selection and arrangement of school data, Plaintiff's EDUCATION GUIDE trademark, and Plaintiff's distinctive trade dress.

64.     With actual knowledge of Plaintiff's exclusive rights, Defendants intentionally copied Plaintiff's copyrighted material, trademark, and trade dress elements and used all such elements in the Infringing 2011 Edition.

65.     Defendants' intentional use of Plaintiff's copyrighted material, trademark, and trade dress elements violates the L.A. Parent Contract between the parties, deceives the public, causes irreparable harm and damage to Plaintiff, and unlawfully generates substantial profits and other benefits for Defendants that rightfully belong to Plaintiff.

## COUNT ONE

## BREACH OF CONTRACT

66.     Plaintiff AEG repeats and re-alleges the allegations contained in all the preceding paragraphs, as if fully set forth herein.

67.     Plaintiff AEG and Dominion Parenting Media ("DPM") entered into a valid written contract dated March 29, 2010 ("the L.A. Parent Contract") (Exhibit One).

68.     Plaintiff AEG performed fully all of its duties and obligations under the L.A. Parent Contract.

69.     Under the L.A. Parent Contract, at paragraph 7, entitled "Contract Violation," the parties agreed as follows:

> "If Customer [DPM] recreates, in whole or in part, a similar publication
>
> without the express written permission of the Company [Plaintiff AEG],
>
> Customer [DPM] shall pay Company [Plaintiff AEG] a fee of $10 per item
>
> disseminated, whether the dissemination is to its own agents, other third
>
> parties or members of the public."

70.     On or about September 2011, Defendants, by and through their subsidiaries and divisions, including DPM, published the L.A. Parent *Education Guide* for 2011-12 ("the Infringing 2011 Edition") (Exhibit Six).

71.     Under the L.A. Parent Contract between the parties, the Infringing 2011 Edition is "a similar publication [disseminated] without the express written permission" of Plaintiff AEG.

72.     The Infringing 2011 Edition (Exhibit Six) is almost identical to the Authorized 2010 Edition (Exhibit Three).

73.     Defendants breached the L.A. Parent Contract by printing, publishing, distributing and otherwise disseminating copies of the Infringing 2011 Edition, without Plaintiff AEG's permission, and without paying to Plaintiff the fee of $10 per item as set forth in the L.A. Parent Contract.

74.     As demonstrated by Defendants' conduct in the spring of 2011, including but not limited to the communications between Plaintiff AEG and Defendants' division, Dominion Parenting Media (see Exhibit Four, Exhibit Five,) Defendants knowingly and intentionally breached its agreement with Plaintiff AEG as set forth in the L.A. Parent Contract.

75.     Plaintiff AEG has sustained damages as a direct and proximate result of Defendants' wrongful conduct and breach of contract, including but not limited to the loss of the fee of $10 per item set forth in the L.A. Parent Contract.

76.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained damage and continues to be damaged because Defendants are obtaining profits and other benefits that rightfully belong to Plaintiff AEG.

77.     Defendants have received and continues to receive payment from advertisers, from participating schools, from consumers who purchase a paper copy, and from other sources in connection with the publication and dissemination of the Infringing 2011 Edition.

78.     Defendants accepted and retained, and continue to accept and retain, such payments.

79.     Under the circumstances of Defendants' willful and intentional conduct, it would be unfair, unjust, and inequitable for Defendants to retain those payments.

80.     Under the L.A. Parent Contract, at paragraph 8, entitled "Costs, Attorney's Fees," the parties agreed as follows:  "In the event of any claims arising out of or related to this agreement, the prevailing party shall be entitled to all cost of litigation, including reasonable attorney's fees."  (Exhibit One)

WHEREFORE, Plaintiff AMERICA'S EDUCATION GUIDE, INC., respectfully requests that this Court enter judgment in its favor and against Defendants on the Complaint and enter an order as follows:

A.     Awarding damages to Plaintiff AEG in the amount of Ten Dollars ($ 10.00) for each and every paper copy of the Infringing 2011 Edition disseminated, together with pre-judgment interest at the maximum rate allowable by law, according to proof at trial; and

B.      Awarding damages to Plaintiff AEG in the amount of Ten Dollars ($ 10.00) for each and every electronic copy of the Infringing 2011 Edition disseminated, together with pre-judgment interest at the maximum rate allowable by law, according to proof at trial; and

C.      Awarding to Plaintiff AEG damages in an amount equal to the unjust enrichment accepted and retained by Defendants, together with pre-judgment interest at the maximum rate allowable by law, according to proof at trial; and

D.      Awarding to Plaintiff AEG punitive damages in an amount such as the Court shall find to be just, according to the egregious and willful conduct of Defendants; and

E.      Awarding to Plaintiff AEG all legal fees and costs incurred in connection with bringing this action; and

F.      Granting such other and further relief as this Court deems just and proper.

## COUNT TWO

## COPYRIGHT INFRINGEMENT

81.     Plaintiff AEG repeats and re-alleges the allegations contained in all the preceding paragraphs, as if fully set forth herein.

82.     Plaintiff AEG owns all right, title and interest in and to the copyrights in its *Education Guide* publications, including Plaintiff's original selection and arrangement of school data that was used in the L.A. Parent *Education Guide* for 2010-11 on or about September 2010 ("the Authorized 2010 Edition") (Exhibit Three).  A copy of the Plaintiff

AEG's Certificate of Registration, Number TX 7-449-318 for "Education Guide, L.A. Parent, 2010-11" is attached hereto as Exhibit Two.

83.    As is more particularly set forth below, Defendants misappropriated and infringed Plaintiff AEG's copyrighted selection and arrangement of school data, and continues to do so, for its own profit and advantage.

84.    Defendants published the published the L.A. Parent *Education Guide* for 2011-12 ("the Infringing 2011 Edition") (Exhibit Six) using the copyrighted material owned by Plaintiff AEG, without Plaintiff AEG's permission.

85.    Defendants' publication, the Infringing 2011 Edition, contains a selection and arrangement of school data that is identical, or substantially similar, to Plaintiff AEG's copyrighted selection and arrangement of school data.  Defendants copied the Plaintiff's selection and arrangement of school data.  Defendants' copying of AEG's copyrighted selection and arrangement of school data is nearly identical.  For example:

Exhibit Three
Excerpt from Page 11
(The Authorized 2010 Edition)



Exhibit Six
Excerpt from Page 39
(The Infringing 2011 Edition)

86.     Defendants continue to misappropriate Plaintiff AEG's copyrighted selection and arrangement of school data because paper copies of the Infringing 2011 Edition are still available to the public, because anyone can request and pay for a paper copy of it, and because anyone can download an electronic copy of the Infringing 2011 Edition by going to Defendants' interactive web site <FlashEdition.com>.  A true and correct copy of a screen image from Defendant's web site is attached as Exhibit Seven.

87.     By misappropriating Plaintiff AEG's copyrighted material, Defendants are diminishing the value of Plaintiff AEG's *Education Guide* publications, both in California and elsewhere.

88.     By using Plaintiff AEG's copyrighted selection and arrangement of school data to solicit money from advertisers and schools, and to otherwise market the Infringing 2011 Edition, Defendants are usurping funds that AEG would have otherwise received from publishing its own *Education Guide* in the Los Angeles area or from licensing another to publish it.

89.     By using Plaintiff AEG's copyrighted selection and arrangement of school data without license or permission, Defendants have diminished the value of AEG's copyrighted work.

90.     Plaintiff AEG has complied in all respects with the provisions of the Copyright Act and has secured the exclusive rights in and to the copyright in its original selection and arrangement of school data.

91.     Defendants' conduct violates the exclusive rights belonging to Plaintiff AEG as the owner of the copyrights, including without limitation, Plaintiff AEG's rights under 17 U.S.C. § 106.

92.     As a direct and proximate result of Defendants' wrongful conduct, Defendants have obtained and continue to obtain profits and other benefits that rightfully belong to Plaintiff AEG.

93.     Defendants' wrongful conduct has also caused, and is continuing to cause substantial and irreparable harm to Plaintiff AEG and, unless enjoined, will cause further irreparable harm, leaving Plaintiff AEG with no adequate remedy at law.

94.     Defendants' violation of Plaintiff AEG's exclusive rights under 17 U.S.C. § 106 was willful and, as a consequence, Plaintiff AEG is entitled to recover the maximum statutory damages allowable.

95.     Defendants acted with actual knowledge of Plaintiff's rights under copyright law.

96.     Defendants' infringement was committed willfully and intentionally.

WHEREFORE, Plaintiff AMERICA'S EDUCATION GUIDE, INC., respectfully requests that this Court enter judgment in its favor and against Defendants on the Complaint and enter an order as follows:

A.     Requiring Defendants to obtain and produce a verified audit of the paper and electronic circulation of the Infringing 2011 Edition, conducted by an independent, qualified media auditor that is certified by the Media Audit Council or equivalent, reporting the total number of paper and electronic copies disseminated; and

B.      Enjoining and restraining Defendants, its subsidiaries and divisions, and all those acting in concert with them, from engaging in future infringement of Plaintiff AEG's exclusive rights in the copyrighted selection and arrangement of school data; and

C.      Awarding to Plaintiff AEG compensatory damages in excess of seventy-five thousand dollars ($ 75,000) together with pre-judgment interest at the maximum rate allowable by law, according to proof at trial; and

D.      Awarding to Plaintiff AEG compensatory damages in an amount sufficient to compensate Plaintiff AEG for the injury to the value of Plaintiff AEG's copyrighted material, together with pre-judgment interest at the maximum rate allowable by law, according to proof at trial; and

E.      Awarding to Plaintiff AEG compensatory damages in an amount equal to Defendants' direct profits derived from its publication of the Infringing 2011 Edition, including but not limited to the advertising revenue and participation fees paid by schools, together with pre-judgment interest at the maximum rate allowable by law, according to proof at trial; and

F.      Awarding to Plaintiff AEG compensatory damages in an amount equal to Defendants' indirect profits derived from its publication of the Infringing 2011 Edition, including but not limited to the profits realized from advertising in Defendants' other publications by advertisers who also paid for advertising in the Infringing 2011 Edition, together with pre-judgment interest at the maximum rate allowable by law, according to proof at trial; and

G.      Awarding to Plaintiff AEG the maximum allowable statutory damages for Defendants' violation of AEG's exclusive rights under 17 U.S.C. § 106, if Plaintiff so elects; and

H.      Awarding to Plaintiff AEG punitive damages in an amount such as the Court shall find to be just, according to the egregious and willful conduct of Defendants; and

I.      Ordering Defendants to remove from circulation all paper and electronic copies of the Infringing 2011 Edition, and deliver all such copies to be impounded during the pendency of this action; and

J.      Awarding to Plaintiff AEG all legal fees and costs incurred in connection with bringing this action; and

K.      Granting such other and further relief as this Court deems just and proper.

## COUNT THREE

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

97.     Plaintiff AEG repeats and re-alleges the allegations contained in all the preceding paragraphs, as if fully set forth herein.

98.     Defendants' unauthorized use of confusingly-similar imitations of Plaintiff AEG's EDUCATION GUIDE trademark is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' publications are affiliated, connected, or associated with Plaintiff AEG or have the sponsorship, endorsement, or approval of Plaintiff AEG, all in violation of 15 U.S.C. § 1125(a).  For example, Defendants' Infringing 2011 Edition (Exhibit Six) includes a confusingly similar imitation of Plaintiff AEG's EDUCATION GUIDE trademark on the cover:




Exhibit Three      Exhibit Six
Cover            Cover
(The Authorized 2010 Edition)   (The Infringing 2011 Edition)

- 24 -

99.     Defendants' unauthorized use of confusingly-similar imitations of Plaintiff AEG's distinctive trade dress is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' publications are affiliated, connected, or associated with Plaintiff AEG or have the sponsorship, endorsement, or approval of Plaintiff AEG, all in violation of 15 U.S.C. § 1125(a).  For example, Defendants' Infringing 2011 Edition (Exhibit Six) includes: (a) letters from local school officials; (b) the same unique set of acronyms and abbreviations as those used by Plaintiff; (c) one background color for public schools and a different background color for private schools; and (d) angled headers in the top row of each table of school data.  Defendants also (3) provided an interactive website where participating schools pay a listing fee and enter their own data and statistics.

100.     In publishing the Infringing 2011 Edition, Defendants included a false copyright notice on the masthead (Exhibit Six, Page 6,) stating substantially as follows: "L.A. Parent copyright 2010 by Dominion Enterprises. All rights reserved. Reproduction in whole or part without written permission is prohibited."

101.     Because Plaintiff AEG created and owns all rights of copyright in the selection and arrangement of school data, and because Defendants used Plaintiff AEG's copyrighted material without authorization or permission, Defendants' copyright notice is false and such notice constitutes a false designation of origin.

102.     Defendants' publication of the Infringing 2011 Edition, containing the false copyright notice, constitutes the use of a false designation of origin, false or misleading description of fact, or false or misleading representations of fact, which is

- 25 -

causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' publications are affiliated, connected, or associated with Plaintiff AEG or have the sponsorship, endorsement, or approval of Plaintiff AEG, all in violation of 15 U.S.C. § 1125(a).

103.   Defendants' conduct, done with actual knowledge of Plaintiff AEG's trademark and trade dress rights, demonstrates an intentional, willful, and bad-faith intent to (1) trade on the goodwill of Plaintiff AEG's trademark and trade dress, and to (2) cause confusion, deception, and mistake in the minds of Plaintiff AEG's customers and potential customers by implying a non-existent affiliation or relationship between Defendants and Plaintiff AEG, to the great and irreparable injury of Plaintiff AEG. Defendants have acted knowingly and have been unjustly enriched by this conduct.

104.   Because Defendants' unfair competition is causing and is likely to continue causing substantial injury to the public and to Plaintiff AEG, Plaintiff AEG is entitled to injunctive relief and is entitled to recover Defendants' trebled profits associated with the infringement, Plaintiff AEG's damages, and Plaintiff AEG's reasonable attorney's fees in accordance with 15 U.S.C. §§ 1116 and 1117.

WHEREFORE, Plaintiff AMERICA'S EDUCATION GUIDE, INC., respectfully requests that this Court enter judgment in its favor and against Defendants on the Complaint and enter an order as follows:

A.   Enjoining and restraining Defendants and all its subsidiaries, divisions, agents, officers, employees, representatives, successor, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, from

- 26 -

(1)     using any copy, reproduction, or colorable imitation or simulation of

Plaintiff AEG's EDUCATION GUIDE trademark in connection with any goods

or services offered by Defendant; and

(2)     using any trademark, service mark, trade dress, name, logo, or source

designation of any kind that is a copy, reproduction, or colorable imitation or

simulation of, or confusingly similar to, or in any way similar to Plaintiff AEG's

trademarks, service marks, trade dress elements, names, or logos; and

(3)     engaging in any other conduct that will cause, or is likely to cause,

confusion, mistake, deception, or public misunderstanding as to the affiliation,

connection, association, origin, sponsorship or approval of Defendants' goods or

services with or by Plaintiff AEG; and

(4)     otherwise infringing upon Plaintiff AEG's EDUCATION GUIDE

trademark or trade dress, or unfairly competing with Plaintiff AEG in any manner

whatsoever.

B.      Compelling Defendants to account to Plaintiff AEG for any and all profits

derived by Defendants through its infringement, and for all damages caused to Plaintiff

AEG, including pre-judgment interest at the maximum rate allowable by law, under 15

U.S.C. § 1117(a) and under the common law.

C.      Awarding treble damages to Plaintiff AEG in the amount of three times

the profits resulting from Defendants' infringement, unfair competition, and false

designation of origin of services.

D.      Awarding statutory damages to Plaintiff AEG, if it so elects.

E.      Awarding to Plaintiff AEG punitive damages in an amount such as the Court shall find to be just, according to the willful and deliberate infringement by Defendants; and

F.      Awarding to Plaintiff AEG all costs of this action and all its reasonable attorney's fees in accordance with 15 U.S.C. § 1117(a); and

G.      Ordering Defendants to deliver-up for destruction all publications, advertising and promotional materials, labels, cartons, brochures, business stationery, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type, including the plates, molds, or other means of producing the materials, which bear any reference to Plaintiff AEG's EDUCATION GUIDE trademark or confusingly similar imitations thereof, or which are found to adopt or infringe any of Plaintiff AEG's trademark or trade dress, or which otherwise unfairly compete with AEG and its goods and services, or which contain any false or misleading statements of fact.

H.      Directing Defendants to file with the Court and serve on Plaintiff AEG, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

I.      Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

requests a trial by jury on all issues and claims so triable.


Dated:  February 29, 2012

Respectfully submitted,

FSB FISHERBROYLES, A LIMITED LIABILITY PARTNERSHIP

_____
Debra S. Hill
Florida Bar Number 0158186
FSB FISHERBROYLES, A LIMITED LIABILITY PARTNERSHIP
2304 West University Boulevard
Jacksonville, Florida  32217-2021
Telephone: 904-612-3780
Fax: 904-346-3933
Hill@FSBLegal.com

OF COUNSEL:
J. Scott Anderson
Georgia Bar Number 017266
Florida Bar Number 0115053 (inactive)
(*Plaintiff's Motion for Special Admission of Mr. Anderson
will be filed shortly.*)
FSB FISHERBROYLES, A LIMITED LIABILITY PARTNERSHIP
118 East Maple Street
Decatur, Georgia  30030-3314
Telephone: 404-806-1488
Fax: 888-909-0255
Anderson@FSBLegal.com

ATTORNEYS FOR PLAINTIFF

# EXHIBITS FILED SEPARATELY

.